IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                No. 1:14-cr-10099-JDB-1

MICHAEL ALLEN SMITH, SR.,

    Defendant.

___

ORDER DENYING DEFENDANT'S REQUEST FOR RELIEF UNDER THE FIRST STEP ACT OF 2018

___

In a pro se motion filed August 19, 2019, the Defendant, Michael Allen Smith, Sr., seeks relief under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "FSA"). (Docket Entry ("D.E.") 38.) The Defendant was indicted in this district on December 15, 2014, for firearms offenses in violation of 18 U.S.C. § 922(g). (D.E. 3.) The charged offenses occurred in 2013. Pursuant to a guilty plea, he was sentenced on March 14, 2016, to 120 months' incarceration, to be followed by three years of supervised release. (D.E. 34.) He is currently confined in Bureau of Prisons custody.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). However, the rule is subject to certain narrow exceptions, *id.*, including the FSA, *United States v. Terrell*, No. 2:09-CR-031, 2019 WL 3431449, at *1 (E.D. Tenn. July 29, 2019).

The statute, signed into law on December 21, 2018, "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Boulding*, 379 F. Supp. 3d 646, 650 (W.D. Mich. 2019) (quoting

1

*United States v. Simons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019)), *appeal filed* (6th Cir. June 25, 2019) (No. 19-1706) & (6th Cir. May 28, 2019) (No. 19-1590). While the law made certain previous statutory changes retroactive, its scope was a limited one.

Specifically, the FSA permits the sentencing court to reduce a sentence "for a covered offense" on motion of the defendant. § 404(b), 132 Stat. at 5222. A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." § 404(a), 132 Stat. at 5222. Sections 2 and 3 of the Fair Sentencing Act of 2010 dealt with certain crack cocaine offenses. *See United States v. Majors*, 376 F. Supp. 3d 806, 808 (M.D. Tenn. 2019), *appeal filed* (6th Cir. June 13, 2019) (No. 19-5635). Accordingly, the FSA permits the retroactive reduction of sentences only with respect to those offenses. *Id.* at 809.

As Smith's convictions were for firearms offenses rather than crack cocaine, they are not "covered offenses" for purposes of the FSA. In addition, none of the offenses for which he was convicted occurred before August 3, 2010. Thus, the statute offers him no relief. The motion is DENIED.

IT IS SO ORDERED this 21st day of August 2019.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE